Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50269 | **DATE** | 11/6/2003 |
| **CASE TITLE** | EEOC vs. Heart of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the defendant's motion to dismiss is denied. Counsel are to be prepared to discuss with the magistrate judge at the next telephone conference the appointment of a mediator or any other alternative dispute resolution process.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | 2 number of notices | |
| X | Notices mailed by judge's staff. | | 15 |
| | Notified counsel by telephone. | NOV 10 2003 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. Mahoney | | |
| | | 11-6-03 date mailed notice | |
| LC | courtroom deputy's initials | 2003 NOV -6 PM 4:28 | |
| | | Date/time received in central Clerk's Office | CR mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

(Reserved for use by the Court)

Plaintiff, the Equal Employment Opportunity Commission, filed a complaint alleging that defendant, Heart of America Management, violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and Title I of the Civil Rights Act of 1991 (42 U.S.C. § 1981a) based on allegations that one of defendant's employees was sexually harassed by a co-worker and that defendant constructively discharged the employee.

Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), contending that plaintiff did not engage in good faith efforts at conciliation prior to filing suit as required by Title VII. Specifically, defendant maintains there are three situations that evidence plaintiff's lack of good faith in the conciliation process: (1) plaintiff refused to meet and negotiate with defendant; (2) plaintiff refused to provide defendant with any information regarding the factual basis underlying either the charge or the corresponding demand for monetary and equitable relief; and (3) plaintiff conditioned any conciliation on defendant first submitting a written proposal in response to plaintiff's written proposal. Defendant, alternative to dismissal, seeks a 60-day stay and an order requiring plaintiff to participate in good faith in a conciliation process. Defendant also requests costs and attorney fees associated with its motion to dismiss.

Both parties have submitted affidavits and other written materials is support of their respective positions. The court notes as an initial matter that the conciliation process is not a jurisdictional prerequisite to filing a civil action under Title VII. Flowers v. Local No. 6, Laborers International Union of North America, 431 F. 2d 205, 208 (7th Cir. 1970). Thus, a motion to dismiss under Rule 12(b)(1) is not the proper method to challenge plaintiff's alleged lack of good faith efforts at conciliation. Nonetheless, because both parties have submitted extrinsic evidence on the issue and there are no issues of material fact, the court will treat the motion as one brought under Rule 56. See Fed. R. Civ. P. 12 (b); Ribando v. United Airlines, Inc., 200 F. 3d 507, 510 (7th Cir. 1999).

Turning to the merits, the EEOC is charged with making a good faith effort to conciliate before filing suit. EEOC v. Dial Corp., 156 F. Supp. 2d 926, 940 (N.D. Ill. 2001). Conciliation, however, is a flexible and responsive process which necessarily differs from case to case. Dial Corp., 156 F. Supp. 2d at 940. Thus, the EEOC may make a sufficient initial effort without undertaking exhaustive investigations or proving discrimination to the employer's satisfaction so long as it makes a sincere and reasonable effort to negotiate by providing an adequate opportunity to respond to all charges and negotiate possible settlement. Dial Corp., 156 F. Supp. 2d at 940. The court's role in reviewing the conciliation process is limited as the form and substance of the EEOC's conciliation proposals are within the agency's discretion and, therefore, are immune from judicial second-guessing. Dial Corp., 156 F. Supp. 2d at 940.

None of the three reasons asserted by defendant here supports its contention that plaintiff failed to make a good faith effort at conciliation.

First, the undisputed evidence shows that plaintiff made numerous efforts to work with defendant at conciliation, including several oral and written communications, as well as initiating the written proposal process. The fact that plaintiff would not agree to certain negotiating terms such as the complainant being present at meetings does not reflect lack of good faith. Rather, it merely shows a failure of the conciliation process to achieve a mutually satisfactory result.

Second, plaintiff did provide defendant with information regarding the complained-of conduct and who the alleged perpetrator was via its written position statement and through the investigative process. There is no requirement of good faith conciliation that plaintiff provide comprehensive discovery to defendant. It should have been apparent to defendant based on the information provided as well as the facts it was aware of based on its own inquiry what the nature and extent of the alleged improper conduct was. Similarly, plaintiff advised defendant what it sought regarding both monetary and injunctive relief. When viewed against the information defendant possessed regarding the nature of the claim, it was fairly aware of plaintiff's negotiating position.

Third, while a written counter proposal by defendant may not be an ironclad requirement of the conciliation process, it certainly does not reflect lack of good faith that plaintiff, who had set its bargaining position out in writing, expected a comparable response by defendant. Written settlement offers and counter offers may be viewed as an effective way to get the ball rolling in the negotiating process. It is understandable that plaintiff hesitated in proceeding further without some sort of particularized counter offer being presented, even one that might have reflected an extreme position by defendant. Defendant cannot point the finger at plaintiff for its own recalcitrance in this regard.

The undisputed evidence here does not demonstrate lack of good faith efforts at conciliation by plaintiff. Thus, defendant's motion to dismiss, as converted, is denied as is its request for a stay and for costs and attorney fees.

Notwithstanding this court's decision, it is apparent from the briefs that the parties should reinstate efforts to resolve this matter. At the next telephone conference with the magistrate judge, counsel are to be prepared to discuss appointment of a mediator or any other alternative dispute resolution process.